IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JOLENE LEE WRIGHT,

        Plaintiff,

v.

NANCY BERRYHILL,
Acting Commissioner of Social Security,

        Defendant.

OPINION AND ORDER

17-cv-860-slc

---

Plaintiff Jolene Lee Wright is seeking review of a final decision by defendant Nancy Berryhill, Acting Commissioner of Social Security, denying her claim for disability insurance benefits (SSDI) under the Social Security Act. 42 U.S.C. § 405(g). Wright contends that the administrative law judge (ALJ) who denied her claim failed to account for all of the effects of her migraine headaches in his residual functional capacity assessment (RFC). For the reasons explained below, I am affirming the ALJ's decision.

The following facts are drawn from the Administrative Record (AR), filed with the Commissioner's answer in this case.

## RELEVANT FACTS

### I. Background

Wright applied for benefits on January 22, 2014, alleging that she has been disabled since January 10, 2014 as a result of a variety of physical impairments, including migraine headaches. AR 15. Wright has past work experience as a print developer and cashier but has not attempted work since 2012. *Id.* at 17, 22. After the local disability agency denied her claim initially and upon reconsideration, Wright had a video hearing before ALJ Michael Schaefer on June 16, 2016. *Id.* at 15. Wright was born on July 12, 1977, making her 37 years old as of her alleged onset date and 38 years old at the time of the hearing. *Id.* at 22.

## II. Medical Evidence

Wright's treatment for migraine headaches has included the following:

- On August 13, 2013, Wright reported to Dr. Abigail Deyo that she was experiencing migraine headaches a few times per week since her mid-20s and that her migraines caused nausea, photophobia (light sensitivity), and occasional blurry vision in her left eye. She stated that she treated her headaches by lying in a dark room and taking Bayer Migraine. Dr. Deyo started Wright on Atenolol 50 mg as a prophylactic treatment. AR 278-81.

- On September 10, 2013, Wright saw Dr. Deyo again and reported improvement in the intensity and frequency of her migraine headaches. She was taking ½ pill (25 mg) of Atenolol daily because the full dosage made her feel heavy and lethargic. Atenolol was continued at 25 mg and she was advised to continue taking Naproxen as abortive treatment. AR 283-84.

- On January 17, 2014, Wright reported at a visit to urgent care for back pain that she had a history of migraine headaches and has had more recently, which she associated with her treatment with pain medications. AR 309, 312.

- On February 8, 2014, Wright went to the emergency department, complaining about having a migraine associated with blurry vision and light sensitivity for four days. After receiving treatment with intravenous fluids and medication, her migraine resolved. AR 326-29.

- On April 8, 2014, Wright reported to a nurse practitioner that she was having 2 migraines a month despite taking 25 mg of Atenolol daily as a prophylactic. She also reported that Excedrin Migraine was not relieving her migraine symptoms. The nurse practitioner continued Wright on Atenolol and prescribed Maxalt (Rizatriptan) for migraine symptoms. AR 391, 394.

- On April 22, 2014, Wright reported improvement in her migraine headaches with Maxalt and that she was happy with the results. AR 383, 385. Wright continued taking the medications thereafter. *Id.* at 359, 363, 372, 376, 384, 498-499, 520, 523-524, 527-528, 532, 535-536, 542, 550.

- On May 6, 2014, Wright reported to her chiropractor that she was experiencing 2 to 3 migraines per week for the last 4 months. AR 508.

At the initial level of review on April 8, 2014, state agency physician Dr. Mina Khordishi reviewed Wright's medical records, assessed her medically determinable impairments and severity (MDI), and completed a residual functional capacity assessment. Dr. Khordishi found that although Wright had migraines, they did not impose any significant limitations upon her ability to work. AR 69-71. At the reconsideration level of review on November 17, 2014, Dr. Pat Chan performed a similar review and did not assess any limitations related to Wright's migraine headaches. *Id.* at 78-82.

### III. Hearing Testimony

At the hearing on June 16, 2016, Wright testified that her last regular employment was with Walgreens in 2010. She did not look for another job after she stopped working at Walgreens because she wanted to spend as much time as possible with her husband, who had been diagnosed with myotonic muscular dystrophy around that time. There was no physical reason that Wright could not continue working in 2010. AR 36, 41, 45. Wright took a job with Kohl's Department Store in 2012 but quit after one day because she did not think they treated their employees well and it was not a place that she wanted to work. AR 41.

Wright also testified that she suffers from one to two migraine headaches per week that last one to two days. When she starts to get a headache, she treats it with over-the-counter medication; if it turns into a migraine headache, she takes Rizatriptan. Migraines cause Wright to have blurry vision and require her to lie down in a dark room. AR 46-8.

3

## IV. Administrative Decision

The ALJ issued a decision denying Wright's application on October 19, 2016. AR 15-24. Applying the familiar five-step sequential evaluation process, he determined that Wright was severely impaired by lumbar degenerative disc disease, bilateral hip bursitis, migraines and obesity. *Id.* at 17. The ALJ determined that despite Wright's severe impairments, she retained the residual functional capacity to perform sedentary work with several postural, manipulative, and environmental limitations. *Id.* at 18. The ALJ placed great weight on the findings of state agency physician Dr. Khordishi, and some weight on the findings of Dr. Chan. *Id.* at 21 (noting reduced weight given to Dr. Chan's findings because he provided it prior to the diagnosis and treatment of Wright's hip bursitis).

The ALJ did not assess any particular limitations related to Wright's migraines, determining that the record showed that Wright was having migraines at the same rate and severity as she had prior to her alleged onset date. In support of his finding, the ALJ noted that Wright admitted during treatment that she had been having migraines a few days a week since her mid-20s and that she nonetheless had sustained work for a number of years without any apparent difficulty. He also found it significant that Wright had stopped working due to her husband's health problems rather than her own health problems, that she admitted that medication effectively alleviated her symptoms, that she treated her migraines only with over-the-counter "Bayer medication," and that she was able to use the computer a lot without causing a migraine. AR 20.

Relying on the testimony of the vocational expert, the ALJ found that Wright could perform work as a production worker, order clerk and inspector/sorter. AR 23.

4

**OPINION**

Wright's sole argument is that despite finding that Wright was severely impaired by migraine headaches, the ALJ failed to account for "all of the practical effects" of her headaches in the RFC assessment, including her sensitivity to light and her need to lie down when she is having a migraine. Specifically, Wright contends that the ALJ should have found that she would be "off task" for "considerable periods" and would have to avoid exposure to light 1 to 2 times per week while she is having a migraine.

The ALJ concluded that Wright was able to sustain full-time work for a number of years without difficulty because Wright testified and reported to her medical providers that she had experienced migraines "a few" times a week since she was in her 20s. Wright criticizes the ALJ for impermissibly making a "lay interpretation of raw medical evidence," but his conclusion was reasonable given the record before him. The record contains very few medical records discussing Wright's migraine symptoms during the relevant period and does not show that her symptoms worsened in frequency or severity after her alleged onset date in 2014. Although Wright saw a few medical providers for her migraines in the first half of 2014, she continued to report having symptoms between twice a month and up to 2 to 3 times a week. There are no opinions from Wright's treating physicians regarding the effect of her migraines on her ability to work. In fact, Wright testified that she stopped working in 2010 due to her husband's health problems rather than her own health problems. Further, the ALJ was entitled to rely on the opinions of the state agency physicians who reviewed Wright's medical records and concluded that her migraines did not impose any notable limitations upon her ability to work.

Although Wright is correct that the ALJ incorrectly noted that she treated her migraines only with "over the counter Bayer medication," the ALJ accurately observed that medication effectively

alleviated Wright's symptoms. In 2014, Wright reported to her medical providers that Atenolol was reducing the frequency and intensity of her headaches and that she was happy with the results she was getting from Maxalt. Therefore, even though the ALJ appears to have erred in concluding that Wright treated her migraines with only over the counter medication, this error was harmless.[1]

In sum, the medical evidence of record does not dictate a finding of any specific limitations related to Wright's migraine headaches. Accordingly, I find that the ALJ did not commit reversible error in concluding that Wright was capable of sedentary work and am affirming his decision.

**ORDER**

IT IS ORDERED that the decision of defendant Nancy Berryhill, Acting Commissioner of Social Security, denying plaintiff Jolene Lee Wright's application for disability benefits is AFFIRMED. The clerk of court is directed to enter judgment for defendant and close this case.

Entered this 14th day of December, 2018.

BY THE COURT:

/s/

_____
STEPHEN L. CROCKER
Magistrate Judge

---

[1] Significantly, Wright did not submit a reply brief refuting the Commissioner's harmless error argument or any other argument.